UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas A. Massey, ) | | |
|          Plaintiff, ) | | C/A No: |
| ) | | |
| v. ) | | |
| ) | | **Complaint** |
| ) | | **(Jury Trial Demanded)** |
| David M. Stumbo, *in his individual and official capacities,* Demetrius G. Andrews, *in his individual capacity,* Joseph T. Morf, *in his individual capacity*, the Eighth Circuit Solicitor's Office, and the South Carolina Department of Public Safety, ) ) ) ) ) ) | | |
|          Defendants. ) | | |
| ) | | |
| _____ ) | | |

**NATURE OF ACTION**

1) This is an action for damages and redress for certain illegal and unconstitutional actions taken by Eighth Circuit Solicitor David M. Stumbo, Eighth Circuit Deputy Solicitor Demetrius G. Andrews, and Trooper Joseph T. Morf of the South Carolina Highway Patrol, acting under color of law, that led to charging, indicting, arresting, and imprisoning Nicholas Massey for the murder of Christie Dawn Crocker, without probable cause. This action also seeks damages and redress for certain illegal and unconstitutional actions taken by agents, servants, and employees, of the Eighth Circuit Solicitors Office and the South Carolina Department of Public Safety, while acting within the scope of their employment.

**JURISDICTION & VENUE**

2) This case arises under the United States Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. §1331 and 28 U.S.C. §1343(3).

3) This action is brought pursuant to 42 U.S.C. §§1983 and 1985 as an action to redress the deprivation under color of state law rights secured by the United States Constitution.

4) This Court has jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a) because those claims are so related to the federal constitutional claims that they form part of the same case or controversy.

5) The Court has authority to award costs and attorneys' fees pursuant to 28 U.S.C. §1988.

6) Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

7) The plaintiff, Nicholas A. Massey is a citizen and resident of the State of South Carolina. At some times pertinent to this complaint, he was a citizen and resident of the State of Michigan.

8) The defendant, David M. Stumbo, is an individual who resided in the State of South Carolina at all times pertinent to this complaint. At all times relevant to this complaint, he was the duly elected Solicitor of the Eighth Judicial Circuit and active in the investigation and prosecution of plaintiff. He is named in his individual capacity, for acts taken under color of law and within the scope of his employment in his investigative capacity, and in his official capacity, for administrative or ministerial acts or omissions.

9) The defendant, Demetrius G. Andrews, is an individual who resided in the State of South Carolina at all times pertinent to this complaint. At all times pertinent to this complaint, he was a Deputy Solicitor of the Eighth Judicial Circuit and active in the investigation and prosecution of plaintiff. He is named in his individual capacity for acts taken under color of law and within the scope of his employment in his investigative capacity.

10) The defendant, Joseph T. Morf, is an individual who resided in the State of South Carolina at all times pertinent to this complaint. At all times pertinent to this complaint, he was Employed by the South Carolina Department of Public Safety as a Highway Patrol Officer and active in the investigation and prosecution of plaintiff. He is named in his individual capacity for acts taken under color of law and within the scope of his employment in his investigative capacity.

11) The Eighth Circuit Solicitors Office is a state agency, a political subdivision, and/or a governmental entity liable for its torts and the torts of its employees under the South Carolina Torts Claims Act, S.C. Code Ann. § 15-78-10 *et. seq.*

12) The South Carolina Department of Public Safety is a state agency, a political subdivision, and/or a governmental entity liable for its torts and the torts of its employees under the South Carolina Torts Claims Act, S.C. Code Ann. § 15-78-10 *et. seq.*

**FACTS**

13) On February 19, 2015, Nicholas Massey was driving a car owned by Christie Dawn Crocker on Fairview Church Road (Highway 76) in Fountain Inn, South Carolina. Ms. Crocker was a passenger in the front seat. The eighteen-month-old son of Mr. Massey and Ms. Crocker was a passenger in the back seat.

14) The car driven by Mr. Massey was traveling west on Fairview Church Road. As the car rounded a curve in the road, the car crossed the center line, traveled off the left side of the road, and struck a tree.

15) Ms. Crocker sustained fatal injuries and passed away at the scene of the automobile accident.

16) Mr. Massey sustained significant injures during the automobile accident, was transported by air to the Greenville Hospital System, and treated for his injuries, which included surgery.

17) Mr. Massey's eighteen-month-old child sustained minor injuries in the automobile accident. After being transported to the Greenville hospital system, the child was released to relatives.

18) Trooper J.R. Davis of the South Carolina Highway Patrol investigated the accident and prepared a Traffic Collision Report (TR-310). The report reflects the car driven by Mr. Massey was traveling at the posted speed limit. Trooper Davis, however, cited Mr. Massey for traveling too fast for conditions. At the time of the initial investigation, investigators believed the accident occurred in Laurens County.

19) The South Carolina Highway Patrol Multi-Disciplinary Accident Investigation Team investigated this automobile accident.

20) Upon information and belief, at all times pertinent to this complaint, the South Carolina Department of Public Safety considered this event an accident.

21) Solicitor Stumbo and Deputy Solicitor Andrews actively participated in the investigation of this automobile accident.

22) Solicitor Stumbo, Deputy Solicitor Andrews, and Trooper Morf agreed and conspired to seek an indictment from the Laurens County Grand Jury charging Mr. Massey with the murder of Ms. Crocker.

23) Indictment Number 2016-GS-30-00007 alleges:

That Nicholas Antoine Massey did, on or about February 19, 2015, in Laurens County, willfully, feloniously, and with malice aforethought kill one Christie Dawn Crocker by intentionally driving the vehicle in which she was a passenger into a large tree, thereby demonstrating a wanton or extreme reckless disregard for human

4

life; and that the said Christie Dawn Crocker did die in Laurens County as a proximate result thereof on or about February 19, 2015, in violation of Section 16-3-10 of the South Carolina Code of Laws, 1976, as amended.

24) At the time of the preparation of this indictment, Solicitor Stumbo, Deputy Solicitor Andrews, and Trooper Morf knew Mr. Massey did not intentionally drive the vehicle into a large tree with malice aforethought.

25) According to the face of the indictment, Trooper Morf presented this indictment to the Laurens County Grand Jury on January 25, 2016.

26) Upon information and belief, the testimony presented to the Laurens County Grand Jury falsely represented the evidence in the same manner as set forth in the indictment.

27) Upon information and belief, the testimony presented to the Laurens County Grand Jury withheld information known to law enforcement showing the event was an accident.

28) Solicitor Stumbo, Deputy Solicitor Andrews, and Trooper Morf caused Mr. Massey to be extradited from the State of Michigan to the State of South Carolina.

29) On July 28, 2017, Mr. Massey was arraigned on Indictment Number 2016-GS-30-00007.

30) On July 28, 2017, Mr. Massey completed an Affidavit of Indigency and Application for Counsel. The Clerk of Court for Laurens County approved the application, and the Eighth Circuit Defender's Office assigned Chelsea B. McNeill to represent Mr. Massey. Tristan M. Schaffer was co-counsel.

31) On July 31, 2017, Ms. McNeill served the Solicitor's Office with motions pursuant to Rule 5 of the South Carolina Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963).

5

32) On June 13, 2018, in furtherance of the conspiracy, Deputy Solicitor Andrews wrote the Chairperson of the Michigan Parole Board requesting the Parole Board deny Mr. Massey parole.

33) As a result of the investigation conducted by the Public Defender's Office, the location of the automobile accident was determined to be in Greenville County rather than Laurens County.

34) Solicitor Stumbo and Deputy Solicitor Andrews convinced Thirteenth Circuit Solicitor Walt Wilkins to allow them to be Special Prosecutors in order for them to continue the prosecution of Mr. Massey.

35) On or about December 18, 2018, Solicitor Stumbo and Deputy Solicitor Andrews caused Mr. Massey to be indicted for the murder of Ms. Crocker in Greenville County (Indictment Number 2018-GS-23-09653A).

36) Upon information and belief, the testimony presented to the Greenville County Grand Jury falsely represented the evidence in the same manner as set forth in the indictment.

37) Upon information and belief, the testimony presented to the Greenville County Grand Jury withheld information known to law enforcement showing the event was an accident.

38) On February 15, 2018, Solicitor Stumbo and Deputy Solicitor Andrews dismissed the Laurens County Indictment.

39) On February 18, 2018, Solicitor Stumbo and Deputy Solicitor Andrews dismissed the Greenville County Indictment.

40) During the course of the prosecution of Mr. Massey, the defendants withheld information from Mr. Massey that was discoverable pursuant to Rule 5 of the South Carolina Rules of Civil Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963).

41) In addition to the deprivation of his liberties, the conduct of the defendants, jointly and severally, injured and damaged Mr. Massey. Mr. Massey's damages include, but are not necessarily limited to, humiliation, and emotional pain and suffering.

## FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Claim for Fourteenth Amendment
### Substantive and Procedural Due Process Violations Against Defendants David M. Stumbo, Demetrius G. Andrews, and Joseph T. Morf

42) Mr. Massey incorporates all of the foregoing as if set forth herein and further alleges as follows.

43) David M. Stumbo, Demetrius G. Andrews, and Joseph T. Morf, in their individual capacities, acting in their investigative capacity, acting in concert with one another, and aiding and abetting one another, unconstitutionally arrested, charged, and imprisoned Mr. Massey for murder.

44) All of these foregoing acts and omissions were committed under color of law and violated clearly established laws of which any reasonable official would have known.

45) The action of the defendants named in this cause of action caused the deprivation of plaintiff's liberty without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution. The Defendant's actions also inflicted cruel and unusual punishment upon plaintiff in violation of the Eighth and Fourteenth Amendment of the United States Constitution.

46) The actions of the defendants named in this cause of action interfered with plaintiff's fundamental constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution, as applied to the State of South Carolina vis-à-vis the Fourteenth Amendment.

47) As a direct and proximate result of the defendant's deliberate, reckless, deliberately indifferent, and/or bad faith acts and omissions, plaintiff was deprived of his Fourth and Fourteenth

Amendment rights to substantive and procedural due process. He was wrongfully charged, arrested, and imprisoned. He also suffered all of the physical, emotional, and pecuniary injuries set forth above and below in the prayer for relief.

**FOR A SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 Conspiracy**
**Violation of Plaintiff's Fourteenth Amendment Rights to Due Process**
**Against Defendants David M. Stumbo, Demetrius G. Andrews, and Joseph T. Morf**

48) Mr. Massey incorporates all of the foregoing as if set forth herein and further alleges as follows.

49) Upon information and belief, defendants knowingly conspired, reached a mutual understanding, and acted in concert with one another to violate plaintiff's Fourth and Fourteenth Amendment rights to substantive due process and loss of liberty without due process of law.

50) In furtherance of the conspiracy, defendant's each undertook overt acts, including without limitation:

  a) Causing the Laurens County Grand Jury to indict Mr. Massey for murder, even though they knew that charge was not supported by probable cause;

  b) Causing Mr. Massey to be extradited from the State of Michigan to the State of South Carolina to face prosecution for murder, even though that charge was not supported by probable cause;

  c) Causing Mr. Massey to be imprisoned at the Laurens County Detention Center, even though that charge was not supported by probable cause;

  d) Causing the Greenville County Grand jury to indict Mr. Massey for murder, even though they knew that charge was not supported by probable cause;

  e) Advocating that the Parole Board in the State of Michigan deny Mr. Massey parole because of the charge of murder pending in the State of South Carolina, even though that charge was not supported by probable cause; and

  f) Such other acts that will be proven during discovery and the trial of this case.

51) This conspiracy was first undertaken while defendants David M. Stumbo, Demetrius G. Andrews, and Joseph T. Morf were acting in an investigative capacity, and later, in their capacity as officers of the court. The prosecutors are not named as defendants in this conspiracy to the extent that they undertook any overt acts while acting as advocates or exercising prosecutorial discretion. To that extent, they are the equivalent to "un-indicted co-conspirators" who conspired with defendants but whose immunity from liability for money damages does not justify their conduct, which is incidental to establishing liability against the remaining co-conspirators.

52) Defendants' conspiracy directly and proximately deprived plaintiff of his rights under the Furth and Fourteenth Amendments and caused his wrongful arrest and imprisonment and all the physical emotional, and pecuniary injuries set forth above and below in the prayer for relief.

## FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Claim
**Failing to Establish a Constitutional Regime of Training, Supervision and/or Discipline Regarding the Production of *Brady* Material Against Solicitor David M. Stumbo**

53) Mr. Massey incorporates all of the foregoing as if set forth herein and further alleges as follows.

54) Solicitor Stumbo, in his official capacity as a supervisor at the Eighth Circuit Solicitor's Office and acting under color of law within the scope of their employment, failed to establish a constitutional regime of training, supervision, and/or discipline that would assure the Solicitor's Office compliance with the constitutional duty to disclose *Brady* material.

55) The Eighth Circuit Solicitor's office has a history of not complying with the constitutional duty to disclose *Brady* material. The Solicitors Office withheld *Brady* material during its prosecution of Mr. Massey in Laurens County and Greenville County.

9

56) As a direct and proximate result of the defendant's acts and omissions, the plaintiff was wrongfully, charged, arrested and imprisoned and suffered all the physical emotional, and he suffered the pecuniary injuries set forth above and below in the prayer for relief.

## FOR A FOURTH CAUSE OF ACTION
### Malicious Prosecution Against Defendants Eighth Circuit Solicitor's Office and South Carolina Department of Public Safety

57) The plaintiff incorporates the forgoing as if fully set forth and further alleges as follows.

58) The Eighth Circuit Solicitors Office is responsible for the torts of its agents, servants, and employees. David M. Stumbo and Demetrius G. Andrews, acting within the scope of their employment at the Eighth Circuit Solicitors Office, unconstitutionally caused Mr. Massey to be arrested, charged, and imprisoned for the charge of murder.

59) The South Carolina Department of Public Safety is responsible for the torts of its agents, servants, and employees. Joseph T. Morf, acting within the scope of his employment at the South Carolina Department of Public Safety, unconstitutionally caused Mr. Massey to be arrested, charged, and imprisoned for the charge of murder.

60) This criminal prosecution was without probable cause because the defendants knew did not intentionally drive the vehicle into a large tree with malice aforethought.

61) The criminal prosecution of the plaintiff was initiated against the plaintiff with malice because the defendants deliberately and intentionally charged Mr. Massey with murder despite knowing he did not intentionally drive the vehicle into a large tree with malice aforethought.

62) The criminal prosecution against the plaintiff was continued when these employees of the Eighth Circuit Solicitor's Office and South Carolina Department of Public Safety deliberately and intentionally failed to disclose *Brady* material.

63)     The Eighth Circuit Solicitor's Office dismissed the murder charges in both Laurens County and Greenville County.

64)     As a direct and proximate result of the defendants' malice, plaintiff was wrongfully charged, arrested, and imprisoned.  He also suffered all of the physical, emotional, and pecuniary injuries set forth above and below in the prayer for relief.

### FOR A FIFTTH CAUSE OF ACTION
### Abuse of Process Against Defendants Eighth Circuit Solicitor's Office and South Carolina Department of Public Safety

65)     Mr. Massey incorporates all of the foregoing as if set forth herein verbatim and further alleges as follows.

66)     The Eighth Circuit Solicitors Office is responsible for the torts of its agents, servants, and employees. David M. Stumbo and Demetrius G. Andrews, acting within the scope of their employment at the Eighth Circuit Solicitors Office, unconstitutionally caused Mr. Massey to be arrested, charged, and imprisoned for the charge of murder.

67)     The South Carolina Department of Public Safety is responsible for the torts of its agents, servants, and employees. Joseph T. Morf, acting within the scope of his employment at the South Carolina Department of Public Safety, unconstitutionally caused Mr. Massey to be arrested, charged, and imprisoned for the charge of murder.

68)     Instituting the criminal prosecution against Mr. Massey was a willful act in the use of the process not proper in the regular conduct of the proceeding.

69)     As a direct and proximate result of the defendant's abuse of process, the plaintiff suffered all of the physical, emotional, and pecuniary injuries set forth throughout this complaint and below in the prayer for relief.

WHEREFORE, the plaintiff, Nicholas A. Massey, prays for this Court to grant the following relief:

a) Enter a judgment in favor of Mr. Massey against all defendants, jointly and severally, on all counts;

b) Award compensatory damages to Mr. Massey against the defendants, jointly and severally, in an amount to be determined at trial;

c) Award punitive damages to Mr. Massey and against all defendants, jointly and severally, in an amount to be determined at trial, in order that such award will deter similar illicit conduct by Defendants and other officials in the future;

d) Award to Mr. Massey and against defendants pre-judgment and post-judgment interest on all sums awarded him in this matter;

e) Award attorney's fees;

f) Award costs of this action; and

g) Award such other and further relief this Court deems just and proper.

Respectfully Submitted,

By: *s/E. Charles Grose, Jr.*

E. Charles Grose, Jr.
The Grose Law Firm, LLC
400 Main Street
Greenwood, South Carolina 29646
(864) 538-4466
charels@groselawfirm.com
Federal Court ID: 6072

**Attorneys for Plaintiff Nicholas A. Massey**

February 8, 2021
Greenwood, South Carolina