UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas A. Massey, | ) | |
|                    Plaintiff, | ) | C/A No: 6:21-cv-00396-DCC-JDA |
| | ) | |
| v. | ) | |
| | ) | **Memorandum in Opposition to Motion to** |
| | ) | **Dismiss of David M. Stumbo, Demetrius** |
| David M. Stumbo, *in his individual and* | ) | **G. Andrews, and the Eighth Circuit** |
| *official capacities,* Demetrius G. Andrews, *in* | ) | **Solicitor's Office** |
| *his individual capacity,* Joseph T. Morf, *in* | ) | |
| *his individual capacity*, the Eighth Circuit | ) | |
| Solicitor's Office, and the South Carolina | ) | |
| Department of Public Safety, | ) | |
|                    Defendants. | ) | |
| | ) | |
| _____ | ) | |

Nicholas Massey responds the Motion to Dismiss of David M. Stumbo, Demetrius G. Andrews, and the Eighth Circuit Solicitor's Office (ECF No. 10) and Memorandum in Support of the Motion to Dismiss (ECF No. 10-1).

As a threshold matter, this Court should deny the Motion to Dismiss as moot because Mr. Massey amended his complaint, as a matter of right, pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B). ECR No. 14). Although the initial complaint alleged Solicitor Stumbo and Deputy Solicitor Andrews undertook unconstitutional acts in their investigative capacities, the Amended Complaint sets forth those allegations more clearly and with more specificity.

1. **The moving defendants are not immune for suit for actions taken in their investigative capacities under the South Carolina Torts Claim Act and Section 1893.**

Section I of the Memorandum in Support of the Motion to Dismiss (ECF No. 10-1, at 3-8), argues a prosecutor is immune from lawsuit "under common law prosecutorial-judicial immunity." Although prosecutors have absolute immunity for their actions "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), they are

not entitled to absolute immunity for providing legal advice to the police on the use of investigative techniques "and the existence of probable cause to arrest," *Burns v. Reed*, 500 U.S. 478, 487 (1991), or "when conducting investigative work themselves in order to decide whether a suspect may be arrested." *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993). South Carolina follows this same rule, and the South Carolina Torts Claim Act allows for lawsuits against the Solicitor's Office for actions taken by its agents and employees in their investigative capacity. *Williams v. Condon*, 347 S.C. 227, 553 S.E.2d 496 (Ct. App. 2001).

Because the facts alleged in the amended complaint describe actions taken by the moving defendants in their investigative capacity, Solicitor Stumbo, Deputy Solicitor Andrews, and the Eighth Circuit Solicitor's Office do not have absolute immunity.

2. **The Amended Complaint is sufficient to withstand a motion to dismiss.**

The moving defendants argue, "Plaintiff's allegations that the moving Defendants committed any type of misconduct are merely the conclusory allegations of a Plaintiff who cannot set forth a plausible set of facts that could actually entitle him to recovery against any Defendant, including the moving Defendants." ECF No. 10-1, at 8-10. Although Mr. Massey disagrees with this argument, the Amended Complaint sets forth the allegations more clearly and with more specificity.

3. **The Amended Complaint alleges a civil conspiracy under 42 U.S.C. §§ 1983 & 1985 and not South Carolina state law.**

The moving defendants allege, "In South Carolina, to state a claim for civil conspiracy, a litigant must plead additional acts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim." ECF No. 10-1, at 10-12. The moving defendants cite numerous state

court decisions in support of their argument. The Amended Complaint alleges a civil conspiracy under 42 U.S.C. §§ 1983 & 1985 and not South Carolina state law.

Additionally, the Amended Complaint alleged conduct taken by the moving defendants during their investigative capacity, beginning as early as April 2, 2015, which is less than two months after the automobile accident on February 19, 2015, and more than nine months before the case was first submitted to the Laurens County Grand Jury on January 26, 2016.

**4.   The Amended Complaint alleges personal involvement of these defendants.**

The moving defendants allege, "The Complaint should be summarily dismissed as to Defendant Stumbo and the Eighth Circuit Solicitor's Office because Plaintiff has failed to allege any facts showing personal involvement by these Defendants in connection with any alleged constitutional violation." ECF No. 10-1, at 12-13. The Amended Complaint alleges the personal involvement of these defendants. During the time Solicitor Stumbo and Deputy Solicitor Andrews were participating in investigation, prior to any charges being filed, a search warrant was served on TitleMax the resulted in information favorable to Mr. Massey. During the prosecution of the charges, Deputy Solicitor Andrews certified all *Brady*[1] material had been disclosed, even though the information discovered in the TitleMax search warrant had not been disclosed. Deputy Solicitor Andrews copied Solicitor Stumbo on this email. Thus, Solicitor Stumbo (1) actual knowledge that he and Deputy Solicitor Andrews engaged in the Brady violation and (2) responded inadequately, with intentional and deliberate indifference, by participating in the Brady violation and not correcting the Brady violation. *Cf. Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The complaint further alleges an affirmative and causal link between the concealment of the favorable

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

material, beginning during the investigation and continuing thought the prosecution of the case, with the unlawful charging, arrest, and prosecution of Mr. Massey without probable cause. *Id.* The Amended Complaint, accordingly alleges an underlying constitutional violation.

5. **The moving defendants are not entitled to immunity under the Eleventh Amendment.**

The moving defendants argue they are immune from lawsuit under the Eleventh Amendment, citing *McIlwaine v. Harris*, 2008 WL 2909358 at *12 (citing *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996)). ECF No. 10-1, at 13. These cases stand for the proposition that state officials and are not liable for monetary damages in their official capacities." *Harris*, at 12. With one exception, Solicitor Stumbo and Deputy Solicitor Andres are sued in their individual capacities. In the one exception, Solicitor Stumbo is sued in his official capacity regarding the exercise of his supervisory responsibilities. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658 (1978), however, authorizes this cause of action.

6. **The moving defendants are "persons" under section 1983.**

The moving defendants argue:

> Even though the Plaintiff, in his Complaint, is unclear at times whether the moving Defendants are being sued in their individual capacities, the evidence in the record clearly establishes that they were each acting in their official capacity throughout the events described in the Complaint. Simply, it is incontrovertible that they were each acting as prosecutors for the State of South Carolina. As a result, the moving Defendants are not "persons" subject to suit under 42 U.S.C. § 1983, and therefore, Plaintiff's claims against them must be dismissed as a matter of law.

ECF No. 10-1, at 13-14. Although Mr. Massey believes that original complaint was clear, the Amended Complaint clearly places Solicitor Stumbo and Deputy Solicitor Andrews on notice "that relief [is] sought against" them and they have a "personal stake in the outcome of the litigation." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543-44 (1986).

4

Additionally, as set forth in Section 1 above, the facts alleged in the amended complaint describe actions taken by the moving defendants in their investigative capacity. Thus, this lawsuit is not a situation where the moving defendants "were each acting as prosecutors for the State of South Carolina."

## CONCLUSION

For the forgoing reasons, this Court should deny the Motion to Dismiss of David M. Stumbo, Demetrius G. Andrews, and the Eighth Circuit Solicitor's Office.

    Respectfully Submitted,

    By: *s/E. Charles Grose, Jr.*

    E. Charles Grose, Jr.
    The Grose Law Firm, LLC
    400 Main Street
    Greenwood, South Carolina 29646
    (864) 538-4466
    charels@groselawfirm.com
    Federal Court ID: 6072

    ***Attorneys for Plaintiff Nicholas A. Massey***

March 17, 2021
Greenwood, South Carolina