IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas A. Massey, | ) | Civil Action No. 6:21-cv-00396-DCC-JDA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF THE** |
| v. | ) | **MOTION TO DISMISS PLAINTIFF'S** |
| | ) | **AMENDED COMPLAINT FILED ON** |
| David M. Stumbo, Demetrius G. | ) | **BEHALF OF DAVID M. STUMBO,** |
| Andrews, Joseph T. Morf, the Eighth | ) | **DEMETRIUS G. ANDREWS, AND THE** |
| Circuit Solicitor's Office, and the South | ) | **EIGHTH CIRCUIT SOLICITOR'S** |
| Carolina Department of Public Safety, | ) | **OFFICE** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants David M. Stumbo, Demetrius G. Andrews, and the Eighth Circuit Solicitor's Office (collectively, the moving Defendants), offer the following memorandum in support of their motion to dismiss the Plaintiff's Amended Complaint filed contemporaneously herewith.

## PLAINTIFF'S ALLEGATIONS

On February 19, 2015, Plaintiff was driving a car with Christie Dawn Crocker as a passenger in the front seat and their eighteen-month-old son as a passenger in the back seat. Plaintiff crossed the center line, traveled off the roadway and struck a tree, resulting in the death of Ms. Crocker who died on the scene. The South Carolina Highway Patrol investigated the incident and issued a citation to Plaintiff for driving too fast for conditions. South Carolina Highway Patrol Trooper Joseph T. Morf presented testimony to the Laurens County Grand Jury and the grand jury returned a True Bill charging the Plaintiff with the murder of Ms. Crocker. The Plaintiff, who was in prison in the State of Michigan, was extradited from Michigan, and arraigned on the murder charge in Laurens County, South Carolina on July 28, 2017. During the pendency of the Plaintiff's incarceration on the murder charge, it was determined that Ms. Crocker's death

actually occurred in Greenville County instead of Laurens County, so Plaintiff was subsequently indicted for the murder of Ms. Crocker by a Greenville County Grand Jury. The murder charge was dismissed in Laurens County, and on February 18, 2019, the murder charge was dismissed in Greenville County.

Plaintiff has filed an Amended Complaint surrounding his arrest and prosecution on a murder charge, alleging the following causes of action: 42 U.S.C. § 1983 Claim for Fourteenth Amendment Substantive and Procedural Due Process Violations; 42 U.S.C. § 1983 Conspiracy Violation of Plaintiff's Fourteenth Amendment Rights to Due Process; 42 U.S.C. § 1983 Claim Failing to Establish a Constitutional Regime of Training, Supervision and/or Discipline Regarding the Production of Brady Material; Malicious Prosecution; and Abuse of Process. ECF No. 1.

Specifically as to the moving Defendants, Plaintiff alleges that they were "active in the investigation and prosecution of plaintiff" (ECF No. 1 ¶¶8, 9, 21, 43), that they conspired with Defendant Trooper Morf to seek an indictment of the plaintiff (ECF No. 1 ¶¶22, 49, 50, 51, and 52), and that they "withheld information from Massey that was discoverable pursuant to Rule 5 of the South Carolina Rules of Civil Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 1 ¶¶40, 62).

## STANDARD OF REVIEW UNDER RULE 12(b)(6), FED.R.CIV.P.

To survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The court must accept the Plaintiff's allegations as true and draw all reasonable inferences in his favor. *See E.I. duPont de Nemours & Co. v. Kolon Indus.*, 637 F.3d

435, 440 (4th Cir. 2011). Under this standard, because Plaintiff cannot prevail on his claims against the moving Defendants as a matter of law, the claims must be dismissed with prejudice.

## LEGAL DISCUSSION

### I. THE MOVING DEFENDANTS ARE IMMUNE FROM PLAINTIFF'S CLAIMS UNDER COMMON LAW PROSECUTORIAL IMMUNITY AND UNDER THE SOUTH CAROLINA TORT CLAIMS ACT

A prosecutor acting in his official capacity is immune from suit under the South Carolina Tort Claims Act (the "SCTCA") and under common law prosecutorial-judicial immunity, which applies to Plaintiff's claims under 42 U.S.C. § 1983 as well as his common law claims. *Williams v. Condon,* 347 S.C. 227, 249, 553 S.E.2d 496, 508 (S.C. App. 2001). These doctrines are discussed at length in *Williams* and rely primarily on the SCTCA and common law prosecutorial immunity as outlined in *Imbler* v. *Pachtman,* 424 U.S. 409, 421, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976).

The alleged acts on which Plaintiff bases his claims against the moving Defendants are quintessentially the acts of prosecutors acting within the course and scope of their duties as prosecutors. The moving Defendants deny these allegations, but even if they were true, the moving Defendants have absolute immunity to civil suit based on such allegations.[1]

### a. Absolute Prosecutorial Immunity under Common Law.

Generally, prosecutors enjoy absolute common law immunity from civil suits for the actions they act take in the course and scope of their duties. *Williams*, 347 S.C. at 248-249, 553 S.E.2d at 508 (quoting McCall v. Batson, 285 S.C. 243, 246, 329 S.E.2d 741, 742 (1985), as abolishing some aspects of sovereign immunity, but leaving intact judicial and prosecutorial acts by individuals acting in their official capacity). The passage of the SCTCA did not displace this

---

[1] While Plaintiff makes conclusory allegations that the moving Defendants "actively participated in the investigation of this automobile accident" Plaintiff fails to allege any specific act that might be investigative. (ECF No. 14 ¶22). Under the *Iqbal-Twombley* standard referenced below, such a conclusory allegation is insufficient to withstand a motion to dismiss.

absolute common law immunity.  *Williams*, 347 S.C. at 247, 553 S.E.2d at 507; S.C. Code Ann. § 15-78-20(b).

In explaining why the immunity that attaches to the actions taken in the course and scope of a prosecutor's duties is absolute, the U.S. Supreme Court stated that the "common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 422- 423, 96 S.Ct. at 991. The U.S. Supreme Court explained in greater detail as follows:

> If a prosecutor had only a qualified immunity, the threat of § 1983 suits would undermine performance of his duties no less than would the threat of common- law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Cf. Bradley v.Fisher*, 13 Wall., [335] at 348, 20 L.Ed. 646 ((1871)];*Pierson v. Ray*, 386 U.S. [547], at 554, 87 S.Ct. [1213],at 1217 [18 L.Ed.2d 288 (1967)]. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.
>
> Moreover, suits that survived the pleadings would pose substantial danger of liability even to the honest prosecutor. The prosecutor' s possible knowledge of a witness' falsehoods, the materiality of evidence not revealed to the defense, the propriety of a closing argument, and-ultimately in every case-the likelihood that prosecutorial misconduct so infected a trial as to deny due process, are typical of issues with which judges struggle in actions for post-trial relief, sometimes to differing conclusions. The presentation of such issues in a § 1983 action often would require a virtual retrial of the

> criminal offense in a new forum, and the resolution of some technical issues by the lay jury. It is fair to say, we think, that the honest prosecutor would face greater difficulty in meeting the standards of qualified immunity than other executive or administrative officials. Frequently acting under serious constraints of time and even information, a prosecutor inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials. *Cf. Bradley v. Fisher, supra*, 13 Wall., at 349, 20 L.Ed. 646.
>
> The affording of only a qualified immunity to the prosecutor also could have an adverse effect upon the functioning of the criminal justice system. Attaining the system's goal of accurately determining guilt or innocence requires that both the prosecution and the defense have wide discretion in the conduct of the trial and the presentation of evidence. The veracity of witnesses in criminal cases frequently is subject to doubt before and after they testify, as is illustrated by the history of this case. If prosecutors were hampered in exercising their judgment as to the use of such witnesses by concern about resulting personal liability, the triers of fact in criminal cases often would be denied relevant evidence.

*Imbler*, 424 U.S. at 424-425, 96 S.Ct. at 992-993 (footnotes omitted).

As if anticipating arguments likely to be raised by would-be plaintiffs, the U.S. Supreme Court also stated as follows:

> … [Prosecutorial] immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. ***But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendant's in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice.***

*Id*. at 427-428, 96 S.Ct. at 993-994 (emphasis added) (footnotes omitted). Accordingly, Plaintiff may not base his claims against the moving Defendants on actions for which they are each immune. It is clear that absolute prosecutorial immunity applies to prosecutors in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *Grate v. Hembree*, 2009 WL 3378278, at *4 (D.S.C. Oct. 14, 2009)

(citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Burns v. Reed*, 500 U.S. 478, 11. S.Ct. 1934, 114 L.Ed.2d 547 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000)). That is precisely the reason why this action is without merit and why the Plaintiff's claims must be dismissed with prejudice.

After being granted habeas relief from a first-degree murder conviction, the Plaintiff in *Imbler* brought suit against the prosecutor (Pachtman) and several police officers, claiming a conspiracy existed among them to unlawfully charge and convict him of murder. Additionally, Imbler claimed Pachtman allowed a witness to give false testimony, suppressed a fingerprint expert's evidence, proceeded with the prosecution that a lie detector test had cleared Imbler, and altered a police artist's sketch of the victim's killer made shortly after the crime and used the sketch at trial. *Imbler* at 416. Despite these serious accusations of prosecutorial misconduct, the Supreme Court found Pachtman was entitled to absolute prosecutorial immunity. *Id.* at 415-416.

The Fourth Circuit Court of Appeals addressed the contention that immunity does not lie for an Assistant State Attorney's advice to a police officer to initiate a prosecution in *Springmen v. Williams*, 122 F.3d 211, 212 (4th Cir. 1997). There the court held that absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution, and that absolute prosecutorial immunity "protects decisions that are integrally related to the charging process, such as Williams' decision to approve the prosecution here. *Id.* at 212-213.

While the Amended Complaint in the case at bar does not specifically allege that the moving Defendants presented the murder charge to either the Laurens County or Greenville County grand juries (ECF No. 14 ¶29 alleges Defendant Trooper Morf presented the indictment to the Laurens County Grand Jury), it does allege that the moving Defendants conspired to seek the indictments, falsely represented evidence and withheld evidence known to law enforcement

from the grand juries (ECF No. 14 ¶¶31, 32, 33, 42 and 43). In *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996), the Fourth Circuit Court of Appeals extended the *Imbler* holding to an attorney's presentation of testimony to a grand jury. *Id*. ("The presentation of testimony and other evidence before an indicting grand jury is a prosecutorial activity 'intimately associated with the judicial phase of the criminal process.'"). Therefore, the prosecuting attorney was afforded absolute immunity from claims that she made false representations and suborned perjury before the grand jury that indicted the plaintiffs. *Id*.

The allegations contained in the Plaintiff's Amended Complaint against the moving Defendants' roles in prosecuting him in this case rise nowhere near the level of conduct addressed by the Courts in the case discussed above, and the moving Defendants' alleged conduct falls squarely within their prosecutorial roles as advocates for the State. Therefore, the moving Defendants are entitled to absolute prosecutorial immunity, and all claims against them should be dismissed with prejudice.

### b.     Absolute Immunity under the SCTCA.

The SCTCA has defined two exceptions to its waiver of liability under S.C. Code Ann. §15-78-60(1) and (2) that are applicable to the moving Defendants in this case: (a) losses resulting from legislative, judicial, or quasi-judicial action or inaction, including prosecutorial immunity, and (b) administrative action or inaction of a legislative, judicial, or quasi-judicial nature. *Williams*, 347 S.C. at 249, 553 S.E.2d at 508 ("The duties of a prosecutor fall into the exceptions enumerated by *McCall* and § 15-78-60. The case law cited throughout this opinion clearly supports the proposition that a prosecutor's typical duties arc "judicial" or "quasi-judicial" in nature.").

Further, like common law judicial and prosecutorial immunity, the immunity described in S.C. Code Ann. § 15-78-60(1), (2), and (23) is not qualified by exposure to claims of "gross

negligence" rather than simple negligence, or for any other reason. *See Jones v. Lott*, 387 S.C. 339, 348, 692 S.E.2d 900, 904-905 (2010) ("gross negligence" standard not imputed to exceptions to waiver of immunity in the SCTCA where defendant never raised an affirmative defense that contained a gross negligence standard). Rather, it completely bars a plaintiff from bringing such a suit against the public entity or its prosecutors acting within the scope of their employment. *Williams*, 347 S.C. at 249, 553 S.E.2d at 508; *see also Plyler v. Burns*, 373 S.C. 637, 647 S.E.2d 188 (2007) (SCTCA provisions establishing limitations upon and exemptions from liability of a governmental entity must be liberally construed in favor of limiting liability). Also, §15-78-60(23) provides immunity for the "institution or prosecution of any judicial or administrative proceeding." For this reason, immunity applies not only to Plaintiff's claims under 42 U.S.C. § 1983, it also applies to his claims under South Carolina law, including his Fourth Cause of Action for malicious prosecution and his Fifth Cause of Action for abuse of process.

For this reason alone, Plaintiff's claims against the moving Defendants must be dismissed with prejudice.

**II.     PLAINTIFF'S CONCLUSORY PLEADINGS RELATED TO THE ALLEGED MISCONDUCT OF THE MOVING DEFENDANTS ARE INSUFFICIENT TO SURVIVE A MOTION TO DISMISS UNDER THE IQBAL-TWOMBLY PLEADING STANDARD.**

Plaintiff's allegations that the moving Defendants committed any type of misconduct are merely the conclusory allegations of a Plaintiff who cannot set forth a plausible set of facts that could actually entitle him to recovery against any Defendant, including the moving Defendants.

Under the standard of pleading set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a plaintiff's complaint must set forth a plausible - not merely "conceivable" - claim for relief against a defendant. A complaint is insufficient to survive Fed. R. Civ. P. 12(b)(6) if it relies upon naked assertions devoid of further factual enhancement." 129 S.Ct.

at 1949. For instance, in Iqbal, the plaintiff failed to allege facts plausibly showing that Attorney General Ashcroft and FBI Director Mueller purposefully adopted a detention policy for high interest individuals because of their race, religion, or national origin. While he alleged that Ashcroft was the "principal architect" of the policy, and that Mueller was "instrumental" in adopting and executing the policy, these allegations did not satisfy the standards of Fed. R. Civ. P. 12(b)(6):

> These bare assertions, much like the pleading of conspiracy in Twombly, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, namely, that petitioners adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." <u>As such, the allegations are conclusory and not entitled to be assumed true</u>... It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.

129 S.Ct. at 1951 (citations omitted) (emphasis added).

In his Amended Complaint, Plaintiff alleges that the moving Defendants withheld and/or deliberately and intentionally failed to disclose *Brady* material (ECF No.14 ¶¶46, 58, 59, 66, 67, 68 and 69). Paragraph 66 of the Amended Complaint alleges that the moving Defendants "withheld *Brady* material **during its prosecution of Mr. Massey in Laurens County and Greenville County**." (emphasis added). Although the Plaintiff does not allege with any specificity whatsoever what discovery materials were supposedly withheld, assuming these allegations of true for purposes of this motion to dismiss, these actions by the moving Defendants also fall squarely under *Imbler*. As discussed above, the plaintiff in that case accused the prosecutor of failing to disclose a fingerprint expert's evidence and results of a lie detector test that cleared him. Moreover, the plaintiff alleged the prosecutor allowed a witness to give false testimony and altered a police artist's sketch of the victim's killer. *Id.* at 416. Nevertheless, the Court found the prosecutor was

immune from suit because his actions were "intimately associated with the judicial phase of the criminal process." *Id*. at 430.

The Fourth Circuit Court of Appeals addressed the issue of a prosecutor's failure to disclose evidence in *Carter v. Burch*, 34 F.3d 257 (4th Cir. 1994). The plaintiff in that case accused Burch of failing to turn over material evidence concerning both statements made by the victim and the victim's emotional state. *Id*. at 260. While there was conflicting evidence about whether Burch learned about this evidence before plaintiff's trial or after plaintiff's conviction, the court held that "[i]n either situation, Burch was clearly protected by absolute immunity" because he was acting as an advocate for the State. *Id*. The court reasoned that "[s]uch a decision was clearly intended by *Imbler* to be the type of prosecutorial function for which absolute immunity should be granted. *Id*. Finally, the court held: "The decision whether to turn this evidence over to defense counsel would have occurred after Carter's arrest, but before his conviction, and is clearly part of the presentation of the State's case. *Id*. at 263.

Plaintiff has failed to set forth any plausible set of allegations against the moving Defendants that are anything other than "conclusory." Furthermore, the moving Defendants' alleged decisions to withhold evidence falls within their prosecutorial roles as advocates for the State. Accordingly, the moving Defendants are entitled to absolute immunity for any allegations arising out of withholding evidence, and the moving Defendants must be dismissed from this action with prejudice.

**III.     PLAINTIFF'S CLAIMS AGAINST THE MOVING DEFENDANTS FOR CIVIL CONSPIRACY MUST BE DISMISSED BECAUSE HIS ALLEGATIONS SUPPORTING HIS CLAIM MERELY REPEAT ALLEGATIONS SET FORTH IN OTHER CAUSES OF ACTION AND FAIL TO SET FORTH ANY PARTICULAR "SPECIAL DAMAGE" RELATED TO THE CIVIL CONSPIRACY CLAIM.**

As stated above, Plaintiff's civil conspiracy claim merely incorporates the allegations and

requests for damages that Plaintiff raised in his other claims. In South Carolina, to state a claim for civil conspiracy, a litigant must plead additional acts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim. *Hackworth* v. *Greywood at Hammett, LLC,* 385 S.C. 110, 115-116, 682 S.E.2d 871, 875 (S.C. App. 2009); *see also Kuznik v. Bees Ferry Assocs.,* 342 S.C. 579, 611, 538 S.E.2d 15, 31 (S.C. App. 2000) ("Because [the third party plaintiff] ... merely realleged the prior acts complained of in his other causes of action as a conspiracy action but failed to plead additional acts in furtherance of the conspiracy, he was not entitled to maintain his conspiracy cause of action"). In short, Plaintiff has failed to plead allegations that are separate and independent from his other claims, but merely incorporated by reference his allegations from another claim.

While Plaintiff does allege in his Amended Complaint that the moving Defendants actively participated in the investigation into the car wreck and in furtherance of a conspiracy aimed at injuring him, regardless of whether the moving Defendants' acts were taken in furtherance of a conspiracy, moving Defendants were, at all times, acting as advocates of the State during the judicial stage of the criminal process. Moreover, the Plaintiff cannot side-step the absolute immunity afforded to the moving Defendants against these claims by including them in a conspiracy cause of action. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1282 (11th Cir. 2002); *see also Rehberg v. Paulk*, 611 F.3d 828, 842 (11th Cir. 2010) (noting prosecutor entitled to absolute immunity for the pre-indictment conduct of conspiring to make up and present false testimony to the grand jury, when the evidence of the prosecutor's involvement in the alleged conspiracy was the testimony before the grand jury, which is itself entitled to absolute immunity).

Moreover, Plaintiff must also plead specific "special damages" related solely to the civil conspiracy claim for the claim to survive dismissal. *Hackworth,* 385 S.C. at 117, 682 S.E.2d 876 ("If a

Plaintiff repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed"). In the instant case, Plaintiff alleges no such "special damages" related to his civil conspiracy claim.

### IV. PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 BASED ON SUPERVISORY LIABILITY MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THE CLAIMS.

Plaintiff's allegations related to his Third Cause of Action are actions based on the supervisory liability of Defendant Stumbo and the Eighth Circuit Solicitor's Office. The Amended Complaint should be summarily dismissed as to Defendant Stumbo and the Eighth Circuit Solicitor's Office because Plaintiff has failed to allege any facts showing personal involvement by these Defendants in connection with any alleged constitutional violation.

Generally, the doctrine of *respondeat superior* (or supervisor liability) is inapplicable to suits brought under 42 U.S.C. § 1983. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government- official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Furthermore, a supervisor may be liable under 42 U.S.C. § 1983 only if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive

practices;' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Further, since there is no underlying constitutional violation or deprivation, there can be no supervisory liability. *See, Roach v. City of Fredericktown, Mo.*, 882 F.2d 294, 298 (8th Cir. 1989); *Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991). Plaintiff has simply failed to adequately make factual allegations that survive these demanding standards. For this reason alone, his Third Cause of Action must be dismissed with prejudice.

## V.     THE MOVING DEFENDANTS ARE ENTITLED TO IMMUNITY FROM SUIT UNDER THE ELEVENTH AMENDMENT.

The duly elected Eighth Circuit Solicitor, David M. Stumbo, as well as the employees of the Eighth Circuit Solicitor's Office, which include Demetrius G. Andrews, are state officials, and as such, they enjoy Eleventh Amendment immunity from suit in federal court. *See McIlwaine v. Harris*, 2008 WL 2909358 at *12 (citing *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996)).

As such, each of the moving Defendants, as state officials, are not liable for monetary damages in their official capacities. Therefore, all of Plaintiff's claims for monetary damages against them should be dismissed by this Court as a matter of law.

## VI.    THESE DEFENDANTS ARE NOT "PERSONS" FOR PURPOSES OF 42 U.S.C. § 1983.

Plaintiff's claims against the moving Defendants should be dismissed as a matter of law because none of them qualifies as a "person" subject to suit under 42 U.S.C. § 1983. Neither a state agency nor a state official in their official capacity is a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66-67, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Under South Carolina law, the Solicitor and his personnel are Constitutional Officers for the State

of South Carolina. S.C. Const. Art. V, § 24; *see also* S.C. Code Ann. § 1-7-310 et seq.

It has been firmly established that "the mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action." *Lizzy v. Alexander*, 255 F.3d 128, 137 (4th Cir. 2001) (overruled in part on other grounds by *Nevada Dep't. of Human Resources v. Hibbs*, 538 U.S. 721, 123 S.Ct. 1972 (2003); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543, 106 S.Ct. 1326 (1986)). Even though the Plaintiff, in his Amended Complaint, is unclear at times whether the moving Defendants are being sued in their individual capacities, the evidence in the record clearly establishes that they were each acting in their official capacity throughout the events described in the Amended Complaint. Simply, it is incontrovertible that they were each acting as prosecutors for the State of South Carolina. As a result, the moving Defendants are not "persons" subject to suit under 42 U.S.C. § 1983, and therefore, Plaintiff's claims against them must be dismissed as a matter of law.

## **CONCLUSION**

All conduct alleged by the Plaintiff in the Amended Complaint concerns actions the moving Defendants took while acting as advocates of the State. Therefore, on the basis of the foregoing, the moving Defendants respectfully request that this Court grant their Motion to Dismiss each of Plaintiff's causes of action against them with prejudice, and for such other and further relief as the Court deems just and proper.

Dated this 31st day of March 2021.

    Respectfully submitted,

    **HOLCOMBE BOMAR, P. A.**

    s/ A. Todd Darwin
    A. Todd Darwin, Fed. No. 6382
    Post Office Box 1897
    Spartanburg, South Carolina 29304
    (864) 594-5300 (Phone)
    (864) 585-3844 (Fax)
    tdarwin@holcombebomar.com

    *Attorneys for Defendants David M. Stumbo and the Eighth Circuit Solicitor's Office*

    **CHAPMAN, HARTER & HARTER, P. A.**

    s/ Russell W. Harter, Jr.
    Russell W. Harter, Jr., Fed. No. 1753
    Post Office Box 10224
    Greenville, South Carolina 29603
    (864) 233-4500 (Phone)
    (864) 232-1710 (Fax)
    rwhjr@chhlaw.net

    *Attorneys for Defendant Demetrius Andrews*