IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas A. Massey, | ) | Case No. 6:21-cv-00396-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David M. Stumbo, Demetrius G. Andrews, Joseph T. Morf, the Eighth Circuit Solicitor's Office, and the South Carolina Department of Public Safety, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Amended Complaint alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985 and for malicious prosecution and abuse of process. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").

On March 3, 2021, Defendants David M. Stumbo, Demetrius G. Andrews, and the Eighth Circuit Solicitor's Office ("the Solicitor's Office) (collectively, "the Prosecutor Defendants") filed a Motion to Dismiss. ECF No. 10. Thereafter, Plaintiff filed an Amended Complaint. ECF No. 14. The Prosecutor Defendants filed a second Motion to Dismiss on March 31, 2021. ECF No. 18. Also on March 31, 2021, the South Carolina Department of Public Safety ("SCDPS") filed a Motion to Dismiss. ECF No. 19. On May

25, 2021, the Magistrate Judge issued a Report ("the First Report") recommending that the Prosecutor Defendants' second Motion to Dismiss be granted and that their first Motion to Dismiss be found as moot. ECF No. 32. She further recommended that SCDPS's Motion to Dismiss be denied.[1]  *Id.*  Plaintiff and SCDPS filed objections.[2]  ECF Nos. 34, 35.  On August 17, 2021, SCDPS filed a Motion to Dismiss for lack of jurisdiction. ECF No. 43.  The Magistrate Judge issued a Report ("the Second Report") on September 30, 2021, recommending that the Motion be granted. ECF No. 46. Neither party filed objections.[3]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

---

[1] The Magistrate Judge also recommends that the Court allow Plaintiff to amend his Amended Complaint to correct certain scrivener's errors pertaining to SCDPS's motion.

[2] Plaintiff filed a Motion for Extension of Time to file objections; however, he then timely filed his objections. ECF Nos. 33, 35. Accordingly, the Motion for Extension of time is found as moot.

[3] Also pending is a Motion for Summary Judgment filed by Joseph T. Morf and SCDPS. ECF No. 49. That Motion is not the subject of this Order.

The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

As an initial matter, the Court finds that the Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference.[4] The Court will first address the Plaintiff's objections to the First Report.

### Claims Against the Prosecutor Defendants

#### Eleventh Amendment Immunity

In the First Report, the Magistrate Judge recommends that claims against Stumbo in his official capacity and against the Solicitor's Office should be dismissed pursuant to the Eleventh Amendment because Plaintiff's claims are for money damages only. ECF No. 32 at 8–9. She further recommends finding that Plaintiff's claims for failure to train or supervise under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), are subject to dismissal because Stumbo is a state official for Eleventh Amendment purposes.

---

[4] In his first objection, Plaintiff asserts that the Magistrate Judge failed to apply the correct legal standard based on his assertion that she "did not recite all the factual allegations of the complaint and, in doing so, failed to view the facts in a light most favorable to [Plaintiff]." ECF No. 25 at 1–2, 3 n.2. The Court finds the Magistrate Judge's recitation of facts sufficient. However, in light of Plaintiff's objection, the Court notes that it has thoroughly reviewed the entirety of the Amended Complaint.

3

*Id.* Plaintiff objects. Upon de novo review of the record, Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.

The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the United States Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the purpose of the Eleventh Amendment, that is protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). A state may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). However, S.C. Code Ann. § 15-78-20(e) expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state.

State officers sued for damages under § 1983 in their official capacities are not "persons" for purposes of the suit, since they assume the identity of the government that employs them. A defendant who is sued in an official capacity action is entitled to the immunities that the governmental entity possesses. Courts in this District have previously held that a Circuit Solicitor is a state official and a Circuit Solicitor's Office is an integral part of the State of South Carolina and, as such, both are immune from a suit for damages

4

under the Eleventh Amendment to the United States Constitution. *See Olszowy v. Schmutz,* C.A. No. 9:09-cv-01662-PMD, 2009 WL 3698387, at *5 (D.S.C. Nov. 3, 2009) (finding the Ninth Circuit Solicitor's Office is an integral part of the State of South Carolina and is immune from a § 1983 suit under the Eleventh Amendment); *Swaringen v. Ariail*, No. C.A. 4:10-2825-RBH-TER, 2011 WL 2036372, at *6 (D.S.C. Apr. 28, 2011), *report adopted sub nom.*, 2011 WL 2020746 (D.S.C. May 23, 2011) ("Here, Plaintiff's Amended Complaint, insofar as it asserts claims against Solicitor Ariail and the Greenville County Solicitor's Office, is also barred by the Eleventh Amendment to the United States Constitution."); *Curry v. South Carolina*, 518 F. Supp. 2d 661, 668 (D.S.C. 2007) (holding that the Charleston County Solicitor's Office is an integral part of the State of South Carolina and is entitled to Eleventh Amendment immunity (citing S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310)). Accordingly, Plaintiff's claims against the Solicitor's Office and against Stumbo in his official capacity are dismissed.

Further, the Court agrees with the Magistrate Judge that relevant case law has held that *Monell* liability theories for failure to train or to supervise have no application because Stumbo is a state official for Eleventh Amendment purposes. *See McElrath v. S.C. Dep't of Corr./Golden*, No. C.A. 5:13-317-MGL, 2013 WL 1874852, at *3 (D.S.C. May 3, 2013) (finding that a plaintiff's claims for failure to train or supervise pursuant to § 1983 were subject to summary dismissal because the relevant defendant was an arm of the State); *Quern v. Jordan,* 440 U.S. 332, 338 (1979) ("This Court's holding in *Monell* was limited to local government units which are not considered part of the State for

Eleventh Amendment purposes . . . ." (internal citations and quotation marks omitted)). Accordingly, these claims are dismissed.

### *Prosecutorial Immunity*

The Magistrate Judge recommends dismissal of Plaintiff's claims against the Prosecutor Defendants because they are entitled to prosecutorial immunity. Plaintiff objects and argues that the Prosecutor Defendants' actions were investigative in nature and, therefore, outside the scope of prosecutorial immunity. ECF No. 35 at 2–4. Upon review, the Court agrees with the recommendation of the Magistrate Judge.

The Supreme Court has held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Supreme Court has acknowledged that "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). To that end, the Supreme Court noted that "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is 'neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.'" *Id.* (quoting *Hampton v. Chicago*, 484 F.2d 602, 608 (7th Cir. 1973)).

Here, the Magistrate Judge primarily relies on the Fourth Circuit's decision in *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997), which Plaintiff has not addressed in his objections. In *Springmen*, the Fourth Circuit held that absolute immunity extends to a prosecutor's advice to police officers with respect to initiation of a prosecution. 122 F.3d at 212–13. The Fourth Circuit has further held that a prosecutor's presentation of testimony to a grand jury is within the scope of activities covered by prosecutorial immunity. *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996). Plaintiff contends that he has presented evidence that the Solicitor's Office was investigating Plaintiff as early as April 2015. However, he fails to point to any authority that the timing of any work by the Solicitor's Office creates a discrepancy between the facts in this case and those contemplated in *Springmen*.

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge that the Prosecutor Defendants are entitled to prosecutorial immunity, that Plaintiff has not plausibly alleged an underlying constitutional violation to support a claim for supervisory liability, and that Plaintiff's allegations of conspiracy with respect to the Prosecutor Defendants are insufficient to evade prosecutorial immunity.[5] *See* ECF No. 32 at 11–12 (citing *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1282 (11th Cir. 2002); *Roach v. City of Fredericktown*, 882 F.2d 294, 298 (8th Cir. 1989); *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991)); *see also Hinkle v. City of Clarksburg,* 81 F.3d 416, 420 (4th Cir.1996)

---

[5] As noted above, Plaintiff objects to the Magistrate Judge's recitation of facts and argues that she omitted unspecified facts favorable to Plaintiff. Upon review, the Court finds that Plaintiff has failed to set forth adequate facts regarding the alleged investigative actions of the Prosecutor Defendants sufficient to survive a motion to dismiss.

(holding that the plaintiff's claim for supervisory liability fails because the plaintiff did not establish an underlying constitutional violation by the officer charged with the misconduct). Accordingly, Plaintiff's objections are overruled and the claims against the Prosecutor Defendants are dismissed.[6]

***Claims Against SCDPS***

Plaintiff brings claims for abuse of process and malicious prosecution against SCDPS. Because it is dispositive of these claims, the Court turns to the Second Report.[7] In the Second Report, the Magistrate Judge recommends dismissal of SCDPS because it is entitled to Eleventh Amendment immunity. ECF No. 46. No party has filed objections to this Report. Accordingly, the Court has reviewed the Report, the record, and the applicable law for clear error. Finding none, the Court adopts the recommendation of the Magistrate Judge in the Second Report. The portion of the First Report addressing

---

[6] The Magistrate Judge also recommends finding that the Solicitor's Office is entitled to absolute immunity under the South Carolina Tort Claims Act. ECF No. 32 at 12 n.6. It does not appear that Plaintiff has specifically objected to this recommendation; nevertheless, the Court has conducted a de novo review of this claim. Upon such review, the Court adopts the reasoning and conclusion of the Magistrate Judge.

[7] By way of brief summary, in its first Motion to Dismiss, SCDPS argues that these claims are barred by the statute of limitations. ECF No. 19. In the First Report, the Magistrate Judge recommends denying the Motion to Dismiss and allowing Plaintiff to amend the complaint only to correct certain scrivener's errors to clarify the dates that the relevant indictments were dismissed. ECF No. 32 at 12–13. SCDPS objects only as to the abuse of process claim and argues that it accrued on July 28, 2017; accordingly, it is time barred. ECF No. 34.

Plaintiff's claims against SCDPS and SCDPS's first Motion to Dismiss are rendered moot.[8]

## CONCLUSION

Based on the foregoing, the Court adopts the recommendations of the Magistrate Judge in part and finds as moot in part as set forth above. The Prosecutor Defendants' first Motion to Dismiss is **FOUND as MOOT**. The Prosecutor Defendants' second Motion to Dismiss is **GRANTED,** and Defendants David M. Stumbo, Demetrius G. Andrews, and the Eighth Circuit Solicitor's Office are dismissed from this action. SCDPS's first Motion to Dismiss is **FOUND as MOOT**. SCDPS's second Motion to Dismiss is **GRANTED,** and SCDPS is dismissed from this action.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 22, 2022
Spartanburg, South Carolina

---

[8] The Court further finds that the Magistrate Judge's recommendation that Plaintiff be allowed to file a second amended complaint is moot as amendment would be futile in light of the fact that SCDPS is dismissed from this action on other grounds. See ECF No. 32 at 12–13.