IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nicholas A. Massey, | ) | Case No. 6:21-cv-00396-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph T. Morf, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Amended Complaint alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On January 26, 2022, Defendant filed a Motion for Summary Judgment.[2] ECF No. 49. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 57, 58. On April 19, 2022, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted. ECF No. 63. Plaintiff filed objections. ECF No. 64.

---

[1] This caption represents the current parties to this action.

[2] Defendant South Carolina Department of Public Safety joined in the Motion; however, that party has since been dismissed.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

As an initial matter, the Court finds that the Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference.

***Claims Based on Plaintiff's Arrest or Indictment***

The Magistrate Judge recommends that summary judgment be granted as to Plaintiff's claim based on his arrest, prosecution, or imprisonment. ECF No. 63 at 8–13. The Magistrate Judge asserts that Plaintiff has not established any of the three elements

necessary to maintain a claim for false arrest. Plaintiff has objected to the Magistrate Judge's analysis of each finding. ECF No. 64. The Court will address each in turn.

As explained by the Magistrate Judge, to prove a claim for false arrest, a plaintiff must demonstrate that he was arrested without probable cause. *Sowers v. City of Charlotte*, 659 F. App'x 738, 740 (4th Cir. 2016). Further, "a § 1983 claim for damages due to false imprisonment is akin to a malicious prosecution claim." *McCormick v. Wright*, No. 2:10-cv-00033-RBH, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010); *see also Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) ("What is conventionally referred to as a '§ 1983 malicious prosecution' action is nothing more than a § 1983 claim arising from a Fourth Amendment violation."). To establish such a claim, "a plaintiff must [show] that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).

With respect to causation, the Magistrate Judge determined that Plaintiff has failed to forecast evidence that Defendant was personally responsible for his arrest or caused him to be arrested. In his objections, Plaintiff states that the Report "implicitly accepts that Defendant Morf did not present the results of the TitleMax search warrant to the grand juries . . . . For the reasons set forth in Mr. Massey's Memorandum in Opposition to the Motion for Summary Judgment of Defendants Joseph T. Morf and the South Carolina Department of Public Safety . . . Mr. Massey maintains he has presented sufficient evidence to demonstrate Defendant Morf is personally responsible for Mr. Massey's arrest." ECF No. 64 at 1.

As an initial matter, the Court questions whether this should be considered a specific objection to the Magistrate Judge's Report when it seems to invite the Court to make its own arguments based on the entirety of Plaintiff's Response in Opposition. Nevertheless, out of an abundance of caution, the Court will address the merits of this objection.

The Magistrate Judge explains, and Plaintiff does not contest, that Defendant was not responsible for deciding what information was presented to the grand jury—that decision rested with the solicitor. The Fourth Circuit has held that "a police officer is not liable for a plaintiff's unlawful seizure following indictment in the absence of evidence that [the officer] misled or pressured the prosecution." *Evans*, 703 F.3d at 648. Plaintiff has produced no such evidence in this case. Indeed, there is no allegation that the solicitor was not aware of all of the relevant information. The Court further agrees with the Magistrate Judge's footnote recognizing that Defendant is entitled to immunity as a witness before the grand jury. ECF No. 63 at 11 n.5. Accordingly, this objection is overruled.

The Magistrate Judge next determined that Plaintiff failed to establish that the seizure was not supported by probable cause because Plaintiff was indicted by two grand juries. ECF No. 63 at 12. Plaintiff objects and argues that a grand jury indictment is not dispositive on the issue of probable cause. ECF No. 64. Plaintiff argues that he has rebutted the prima facie finding of probable cause. The Court disagrees.

It has long since been settled by the Supreme Court that "an indictment, 'fair upon its face,' returned by a 'properly constituted grand jury,' conclusively determines the

existence of probable cause . . . ." *Gerstein v. Pugh,* 420 U.S. 103, 117 n. 19, (1975) (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932)).  The Fourth Circuit has held that "a grand jury's decision to indict . . . will [not] shield a police officer who deliberately supplied misleading information that influenced the decision."  *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012).  Here, Plaintiff asserts that Defendant withheld relevant information; accordingly, the indictments are not conclusive as to probable cause.  However, as explained above, the Fourth Circuit has further held that a police officer is not liable for an unlawful seizure following a grand jury indictment without evidence that he misled or pressured the prosecution.  There is no such evidence in this action.  Accordingly, the objection is overruled.

Finally, the Magistrate Judge found that the criminal proceedings did not terminate on Plaintiff's favor and relies on *Ellison v. Proffit,* C/A No. 4:16-cv-00847-BHH-KDW, 2017 WL 598511, at *3 (D.S.C. Jan. 24, 2017).  Plaintiff objects and cites to the Supreme Court of the United States' recent decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022).  The Court agrees with Plaintiff.  Under the new rule established in *Thompson*, "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction."  142 S. Ct. at 1341.

Therefore, the Court finds that Plaintiff has established the favorable determination prong.  However, as explained above and in more detail by the Magistrate Judge, Plaintiff

has failed to put forth sufficient evidence in support of causation and probable cause. Accordingly, summary judgment is appropriate with respect to this claim.[3]

### *Claim for Conspiracy under §§ 1983 and 1985*

The Magistrate Judge recommends that summary judgment be granted as to Plaintiff's civil conspiracy claims. ECF Nos. 13–14. Plaintiff has not objected to this recommendation. Upon review for clear error, the Court agrees that summary judgment is appropriate with respect to this claim.

### **CONCLUSION**

Based on the foregoing, the Court agrees with the recommendations of the Magistrate Judge except as specifically set forth above. The Motion for Summary Judgment [49] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 27, 2022
Spartanburg, South Carolina

---

[3] At the end of his substantive objections, Plaintiff states that the Report "did not consider the Affidavits of Chelsea McNeill and Jimmy Powers regarding the issue of probable cause." ECF No. 64 at 2. There is no evidence that the Magistrate Judge did not thoroughly review the entire record in making her recommendation and Plaintiff has failed to point to any requirement that she must list every docket entry reviewed. Moreover, nothing in the Report indicates that any evidence was overlooked. Nevertheless, the Court notes that it has made a de novo review of the entire record including, but not limited to, the two cited affidavits, the Report, and the applicable law in issuing this Order.